UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
Ashton King, and Teashawn Smith, *on behalf of* :
*themselves and other similarly situated*, : **FLSA COLLECTIVE ACTION**
: **and RULE 23 CLASS ACTION**
         *Plaintiffs*, : **COMPLAINT**
   - against - :
: **Jury Trial Demanded**
AptDeco, Inc., Reham Fagiri, and Kalam :
Dennis, : Mot. Seq #<u>001</u>
:
         *Defendants*. :
---------------------------------------------------------- x

Plaintiff Ashton King, and Teashawn Smith (collectively, the "Plaintiffs"), on behalf of themselves and other similarly situated employees, as class representatives, by and through their attorney, Mohammed Gangat, Esq., file this Complaint against defendants AptDeco, Inc., Reham Fagiri, and Kalam Dennis (collectively, the "Defendants"), and allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1.      Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), they and a proposed class of others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation, (32) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law "NYLL", they and a proposed class of others similarly situated employees entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (3) damages for failure to give required notices and wage statements; (4) damages for illegal deductions from wages; (5) liquidated damages and

civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

3. Plaintiff Ashton King further alleges that Defendants terminated him in retaliation for his assertion of his rights about reimbursement of a parking ticket when he worked for Defendants, and that this constitutes retaliatory termination in violation of the NYLL Section 215.

4. In addition to seeking recovery for the Plaintiffs, this lawsuit also seeks to recover minimum wage, overtime compensation, spread-of-hours pay, and statutory penalties for similarly situated employees.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Defendants reside and/or maintain a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## PARTIES

7. At all relevant times, Plaintiff Ashton King was an adult, individual, residing in Brooklyn, New York.

8. At all relevant times, Plaintiff Teashawn Smith was an adult, individual, residing in Brooklyn, New York.

9. AptDeco, Inc. (the "Corporate Defendant"), is and was, at all relevant times herein, registered to do business in New York State, and is a Delaware Foreign Business Corporation with its principal place of business located at 300 West 57th Street, 33rd Floor, New York, NY 10019.

10. Reham Fagiri (the "Individual Defendant") is an adult individual and the Chief Executive Officer of the Corporate Defendant. Upon information and belief, Reham Fagiri is a resident of the State of New York.

11. Kalam Dennis (the "Individual Defendant") is an adult individual and a co-founder of the Corporate Defendant. Upon information and belief, Kalam Dennis is a resident of the State of New York.

12. Upon information and belief, the Individual Defendants actively participate in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are the employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

13. Defendants' business operates the AptDeco online retail store as well as the AptDeco website and advertises, markets, and operates in the State of New York and throughout the United States.

14. Upon information and belief, the Individual Defendants have had control over and the power to change compensation practices for all employees of the Corporate Defendant.

15. Upon information and belief, the Individual Defendants have had the power to determine employee policies for employees of the Defendants, including, but not limited to, time-keeping, and payroll policies.

16. Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendant is and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales

of not less than $500,000.

17. Defendants continuously employed Plaintiffs to work as non-exempt employees.

18. The work performed by Plaintiffs was essential to the business operated by Defendants.

19. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages in direct contravention of New York Labor Law's minimum wage requirements.

20. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

21. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

22. Defendants illegally made deductions from Plaintiffs' wages.

23. Defendants had no legitimate reason to terminate Plaintiff Ashton King by engaging in retaliatory termination for the complaint he made regarding the reimbursement for his parking ticket and vehicle insurance issues on the job.

24. Defendants knowingly and willfully failed to provide required wage notices and wage statements under the New York Wage Theft Prevention Act.

## STATEMENT OF FACTS

25. Plaintiffs at all relevant times were covered employees within the meaning of the FLSA and NYLL.

26. Defendants' business operates with the teams of employees going around to deliver furniture in residences, including in New Jersey, Connecticut, Pennsylvania, New York City and other places.

27. Each employee is assigned a work schedule, and if they missed scheduled days of work deductions are made from wages.

28. Each employee is assigned to report to work each morning at 7am at the company's warehouse, 80 39th St, Brooklyn, NY 11232, although occasionally the start time may be different, including when the employee is assigned to a PM shift.

29. Each employee is assigned a route of deliveries and must complete all deliveries on the assigned route and at the assigned times.

30. Plaintiff Ashton King began working for Defendants in or about June 2018 and he was terminated in or about October 2019.

31. Plaintiff Ashton King was hired by the Individual Defendant, Kalam Dennis and another individual, Abi Scholz. Mr. Scholz was a manager working for the Corporate Defendant.

32. Plaintiff Teashawn Smith began working for Defendants in or about December 2018 and his employment ended in or about December 2019.

33. Plaintiff Teashawn Smith was hired by Abi Scholz and, another manager working for the Corporate Defendant, namely, Mr. Von Bynum.

34. Throughout the employment, all the delivery employees, including Plaintiffs, were generally assigned work routes through their work emails.

35. From about June 2018 to August 2019, Plaintiff Ashton King worked for Defendants as a delivery assistant. From about August 2019 to about October 2019, he worked for Defendants as a delivery driver. His job duties consisted of measuring and inspecting the furniture, assembling and delivering furniture according to the routes assigned by Defendants.

36. Throughout the employment, Plaintiff Ashton King, based on his understanding and recollection, worked from Monday to Friday per week, from about 7am to between about 2pm and 12am. Typically, he worked about 50 hours per week.

37. Throughout the employment, Plaintiff Ashton King, was paid differently per work route, but he was always paid below the amounts due under the New York State minimum wage,

the FLSA overtime laws and the New York State overtime laws. For example, in the week of August 11, 2019 to August 17, 2019, he worked about 46.33 hours and was paid $471.41 and customers also tipped him for a total of an additional $75, but under the applicable state and federal wage laws, he should have been paid $694.95 for those 46.33 hours.

38. In or about October 2019, Plaintiff Ashton King was issued a parking ticket when he was working and driving the delivery van of Defendants to deliver the furniture.

39. Plaintiff Ashton King complained to one of the managers of Corporate Defendant, Jason Grant, about the $400 parking ticket. But he never received the reimbursement and Defendants never addressed his complaint.

40. Four days after Plaintiff Ashton King complained that he must be reimbursed for the cost of paying the parking ticket, he was removed from work schedules and terminated by Defendants.

41. From about December 2018 to May 2019, Plaintiff Teashawn Smith worked for Defendants as a delivery assistant. His job duties consisted of helping the driver measure and inspect the furniture, assisting to assemble and deliver furniture from customers to customers.

42. From about June 2019 to August 2019, Plaintiff Teashawn Smith worked for Defendants as a dispatcher. His job duties consisted of answering emails regarding customer service and taking charge of the drivers' pay based on their workloads. Also, he was assigned multiple jobs during this period, such as assisting delivering furniture.

43. From about September 2019 to December 2019, Plaintiff Teashawn Smith was reassigned to work for Defendants as a delivery assistant.

44. When Plaintiff Teashawn Smith worked as a delivery assistant, based on his understanding and recollection, he worked from Monday to Friday per week, from about 7am to between about 2pm and 12am. Typically, he worked about 50 hours per week. He was paid

differently per work route, but always paid below the amounts due under the New York State minimum wage, the FLSA overtime laws and the New York State overtime laws. For example, in the week of October 7, 2019 to October 13, 2019, he worked about 44 hours and was paid $416.12 and customers also tipped him for a total of an additional $45, but under the applicable state and federal wage laws, he should have been paid $660.00 for those 44 hours.

45. When Plaintiff Teashawn Smith worked as a dispatcher, based on his understanding and recollection, he worked from Monday to Friday, and occasionally he worked six days per week. He usually worked from 9am to between 12am and 1am. Because he was required to input the related records into the system until all delivery drivers came back to the warehouse from their routes. Upon information and belief, during this time, he was not paid required overtime premium and not paid for all hours worked.

46. Throughout the employment, Defendants improperly made deductions from employees' wages for reasons including, but not limited to:

    a. when customers made complaints that furniture had been damaged by the company in the course of doing work, Defendants would deduct the delivery employees' wages;

    b. when customers made complaints regarding delivered products smelling like smoke, Defendants would accuse employees of smoking and deduct $100 from their wages on that ground;

    c. when delivery employees missed their schedules, Defendants would deduct $300 for a lead shift, $150 for an assist shift, and $50 for backup shits;

    d. when delivery employees did not keep the delivery van clean, Defendants would deduct their wages;

    e. when delivery employees did not adjust the camera in the van, remove tape from

    the camera or any other obstructions, Defendants would deduct $100 from each delivery team; and,

  f. when delivery employees did not take a picture of the license plate, Defendants would deduct $30 from their wages.

47. Plaintiffs were never compensated with an overtime premium rate for working more than 40 hours per week.

48. Plaintiff Ashton King was abruptly terminated when he complained to Defendants about the reimbursement of parking ticket when he was working and driving the delivery van of Defendants to deliver the furniture. Defendants retaliated against Plaintiff Ashton King for asserting his legal rights, which violated New York State law.

49. Defendants knowingly and willfully operate their business with a policy of not paying for every hour worked in an amount sufficient to compensate Plaintiffs and other similarly situated employees for all amounts due under the New York State minimum wage, the FLSA overtime laws (of time and one-half), the New York State overtime laws (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

50. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

51. Defendants did not furnish Plaintiffs and other similarly situated employees with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

52. Defendants failed to display, in a place accessible to employees and in a visually

conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

53. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

54. Plaintiffs reserve the right to amend this complaint once the wage and hour records that are required to be kept under the FLSA and NYLL by the Defendants are produced.

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiffs bring this action individually and as class representative on behalf of the "Proposed FLSA Collective" defined as:

> all current and former delivery employees of APTDECO, INC. for the three-year period prior to the filing of the complaint.

56. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

57. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of

employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

58.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

59.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

60.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

    e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements;

    f. Whether the Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages for all hours worked; and

    g. Whether the Defendants failed to pay Plaintiffs and the Collective Action Members for hours worked in excess of 40 hours per workweek.

61. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

62. Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

63. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

64. In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiffs also bring this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> all current and former delivery employees of APTDECO, INC.
> for the six-year period prior to the filing of the complaint.

65. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all

nonmanagerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

66. The claims of Plaintiffs are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

67. The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

68. Plaintiffs have committed themselves to pursuing this action and has retained counsel experienced in employment law and class action litigation.

69. Plaintiffs will fairly and adequately protect the interests of the Proposed Class.

70. Plaintiffs understand that, as a class representatives, they assume a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as he would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

71. Plaintiffs recognize that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

72. Plaintiffs have the same interests in this matter as all other members of the Proposed Class, and Plaintiffs' claims are typical of the Proposed Class.

73. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

   a. Whether the Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

   b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. Whether the Defendants failed to pay Plaintiffs and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

   e. Whether the Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

   f. Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

   g. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

**STATEMENT OF CLAIM**

**COUNT I: FLSA – Minimum Wage and Overtime**
*Brought on behalf of Plaintiffs and the Proposed FLSA Collective*

74. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

75. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

76. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

77. At all relevant times, Defendants employed Plaintiffs and the Proposed FLSA Collective members within the meaning of the FLSA.

78. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

79. Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

80. Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. Defendants failed to pay Plaintiffs and the Proposed FLSA Collective members minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

81. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

82. At all relevant times, Defendants had, and continue to have a policy and practice of

refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

83. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Proposed FLSA Collective members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiffs and the Proposed FLSA Collective.

84. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

85. Defendants failed to properly disclose or apprise Plaintiffs and the Proposed FLSA Collective members of their rights under the FLSA.

86. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

87. Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

88. Plaintiffs and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

89. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

90. Defendants employed Plaintiffs and the Rule 23 Proposed Class members within the

meaning of New York Labor Law §§ 2 and 651.

91. Defendants knowingly and willfully violated the rights of Plaintiffs and the Rule 23 Proposed Class members by failing to pay Plaintiffs and the Rule 23 Proposed Class members the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

92. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

93. Defendants knowingly and willfully violated the rights of Plaintiffs and the Rule 23 Proposed Class members by failing to pay "spread of hours" premium to Plaintiffs and the Rule 23 Proposed Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

94. Defendants failed to properly disclose or apprise Plaintiffs and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

95. Defendants failed to furnish Plaintiffs and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

96. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

97. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

98. At the time of their hiring, Defendants failed to notify Plaintiffs and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York

Labor Law § 195(1).

99. Due to the Defendants' New York Labor Law violations, Plaintiffs and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

100. Plaintiffs and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

101. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

102. Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

103. Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

104. Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

105. Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

106. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

107. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## COUNT IV: NYLL – Retaliation
*Brought on behalf of Plaintiff Ashton King*

108. Plaintiff Ashton King re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

109. Defendants violated the NYLL § 215(a)(3) when they terminated Plaintiff Ashton

King's employment in retaliation for a complaint he made concerning his right to reimburse the parking ticket when he was working for Defendants.

110.   Defendants are therefore liable to Plaintiff Ashton King for damages under NYLL § 215(2)(a).

## PRAYER FOR RELEIF

**WHEREFORE,** Plaintiffs, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly service workers at one of their locations, and of their right to join this lawsuit if they belief they were denied proper wages;

ii. An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

iii. An award of unpaid "spread of hours" premium due under the New York Labor Law;

iv. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

v. An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

vi. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vii. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

viii. Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

ix. An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

x. An award of prejudgment and post-judgment interest;

xi. An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL;

xii. As and for Fourth Cause of Action (retaliatory termination), award Plaintiff Ashton King lost wages, statutory damages, and together with prejudgment interest and an award of attorneys' fees and costs; and,

xiii. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 the Plaintiffs demands trial by jury on all issues.

Dated: New York, New York
November 19, 2020

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 3rd Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiffs and the FLSA Proposed Collective and Rule 23 Proposed Class*