
**COZEN O'CONNOR**

October 29, 2021

**VIA ECF**

**Michael C. Schmidt**
Direct Phone   212-453-3937
Direct Fax       866-736-3682
mschmidt@cozen.com

Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*[Handwritten note:]* A CONFERENCE WILL BE HELD ON MONDAY, NOVEMBER 8, 2021, AT 2:30PM. DIAL-IN: 888 363-4749   ACCESS CODE: 8140049

Re: Ashton et al. v. AptDeco,
20-CV-09865 (JGK)

*[Handwritten:]* Discovery is stayed pending the Conference.   SO ORDERED. /s/ John G. Koeltl  11/1/21

Dear Judge Koeltl:

We represent the Defendants in the above-referenced case and respectfully submit this letter in accordance with Local Rule 37.2 and Rule II[B] of Your Honor's Individual Practices to request a pre-motion discovery conference.

As Your honor will recall, this past Wednesday, October 27, 2021, the parties appeared before the Court for virtual oral argument on Defendants' pre-answer motion to compel arbitration. After hearing both sides, and after considering various procedural options (*e.g.*, holding limited discovery at this time, holding an evidentiary hearing at this time, determining the motion on the papers submitted to date, etc.), the Court directed that the parties re-file supplemental papers in support of and in opposition to Defendants' request to compel arbitration, specifically to address concerns raised during oral argument. In doing so, the Court ordered that Defendants file their supplemental motion by November 30th, that Plaintiffs then file supplemental opposition by December 22nd, and that Defendants then file supplemental reply by January 10th.

Nevertheless, that same evening at 6pm, Plaintiffs served a first set of interrogatories and first set of document requests, as well as a copy of a subpoena that counsel advised they intend to serve on a non-party, former employee of AptDeco. (Copies of Plaintiffs' discovery requests and subpoena are submitted with this letter application as Exhibit A.) Defendants objected to Plaintiffs' discovery and attempt to bring a non-party into this litigation at this stage, and respectfully submit that Plaintiff's attempt to conduct party and non-party discovery now is premature and inappropriate for three primary reasons.

First, this action has been *stayed* by the Court except solely for purposes of addressing Defendants' motion to compel arbitration, which will now proceed with supplemental briefing by the parties. See Docket No. 11. Plaintiffs have not sought any relief from that stay.

Second, Rule 26(d)(1) of the Federal Rules of Civil Procedure expressly states: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Defendants have not even joined issue with an answer to the complaint yet, and have

Honorable John G. Koeltl
October 29, 2021
Page 2

---

instead filed a pre-answer motion arguing that Plaintiffs' claims should be resolved in arbitration and not in this federal court action (which would include full discovery). In light of the procedural posture, the parties have not "conferred as required by Rule 26(f)," have not prepared and submitted a Rule 26(f) report to Your honor, and no scheduling conference has been set.[1]

Third, it is also our understanding that the Court did not determine on Wednesday that the parties were entitled to engage in limited discovery (yet) on any particular issues at this stage. Again, we are still in the pre-answer stage and still engaged in motion practice on Defendants' pre-answer motion to compel arbitration. The Court set a briefing schedule for the submission of supplemental papers, after which the Court will presumably determine the appropriate next phase, which may include a decision on the motion, permitting limited discovery on a discrete issue at that time, or some other relief. We do not believe that Your Honor contemplated or ordered any discovery during this supplemental briefing schedule period, particularly without a Rule 26(f) report or scheduling conference. Indeed, it is curious at best that Plaintiffs appear to attempt further gamesmanship by seeking to involve a non-party witness at a deposition immediately after Defendants' supplemental papers are due, and before any supplemental opposition is due from them.[2]

Accordingly, Defendants respectfully request either (i) that the Court schedule a pre-motion discovery conference pursuant to Local Rule 37.2 and Rule II[B] of Your Honor's Individual Practices to discuss a more formal motion on this issue, or (ii) that the Court issue a protective order and preclude Plaintiffs from serving their current party and non-party discovery, without prejudice, unless and until the appropriate time for any discovery is ordered in this federal court action.

Thank you very much for your consideration.

Respectfully yours,

COZEN O'CONNOR

BY: MICHAEL C. SCHMIDT

cc: All Counsel of Record (via ECF)

---

[1] In any event, Plaintiffs' interrogatories also arguably fail to comply with the requirements in Local Rule 33.3(a) pertaining to the permissible scope of interrogatories in the Southern District "at the commencement of discovery."

[2] It is also noteworthy that Plaintiffs never mentioned the need to take discovery in order to be able to respond to the specific issues raised in the motion at any time in their original opposition, in their attempted sur-reply, or even during oral argument this past Wednesday.

LEGAL\54922856\1