# Law Office of Mohammed Gangat

*Representing Employees in Employment and Discrimination Law and Related Litigation*

**November 11, 2022**

675 Third Avenue, Suite 1810
New York, NY 10017
(718) 669-0714
mgangat@gangatpllc.com

*Via ECF*

Hon. Judge John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  **Ashton King and Teashawn Smith v. Aptdeco, Inc., Reham Fagiri and Kalam Dennis; No. 1:20-cv-09865-JGK (Request for Pre-Motion Conference)**

To the Honorable Judge Koeltl:

I represent Plaintiffs Ashton King and Teashawn Smith in the above-mentioned action. Pursuant to Your Honor's Individual Practice II.B. and Local Civil Rule 37.2, I write to request a pre motion discovery conference concerning unresolved discovery disputes.

## PROCEDURAL HISTORY

On October 7, 2022, the Court issued a Scheduling Order in advance of the trial scheduled in this action. The trial is on the issue of whether plaintiff King agreed to arbitrate. Discovery commenced on October 7 and the Order requires it be completed by November 22. The ready for trial date is January 5, 2023.

On October 9, 2022, Plaintiff served requests for production, interrogatories, and deposition notices including a list of 30(b)(6) deposition topics. The parties immediately conferred on their disputes regarding the proposed topics.

On October 25, 2022, Defendants provided their discovery responses.

On November 4, 2022, Plaintiff provided written correspondence outlining deficiencies in Defendants' responses.

On November 8, 2022, the parties conferred concerning the alleged deficiencies.

## FACTUAL BACKGROUND

The parties dispute whether King signed an arbitration agreement. Plaintiff King has provided an affidavit and deposition testimony that he did not sign the arbitration agreement.

Defendant AptDeco, Inc. ("AptDeco") submits two declarations from Levonte Bynum. Mr. Bynum in his first declaration claimed "[s]ome individuals sign the Agreement with an actual

handwritten signature, while others choose to sign electronically through our established DocuSign system." (Declaration of Levonte Bynum, dated July 6, 2021, para. 6 ("Bynum Decl").)

In his second declaration, Bynum claims King did not sign by hand or using the established DocuSign system; instead, Bynum claims King signed using electronic software called "Markup." (Declaration of Levonte Bynum, dated November 30, 2021, para. 14 ("Second Bynum Decl"); Defendants' Answers to Plaintiff King's First Set of Interrogatories, dated October 25, 2022, Answer to Interrogatory No. 3 (Interrogatory Responses").

Defendants claim the document was signed in "early December 2018" but do not provide a specific date or time. (Bynum Aff, para. 8.)

King denies signing using Markup or anything else.

Mr. Bynum in late 2018 was the company's Delivery Team Manager. (Bynum Decl, para. 1.) As Delivery Team Manager, he was "involved with ensuring that the contractors that AptDeco engaged to provide delivery services to the Company's customers signed their contracts." (Id.) According to Bynum, the company "would not permit a contractor to perform delivery services unless that contractor signed an agreement with the Company." (Id. para. 5.) But there were times that contractors did begin to provide services without signing, but once the company became aware of it, the company had them sign. (Id.) The company admits that this happened with Plaintiff King and others. (Second Bynum Decl, para. 14.)

## 30(b)(6) TOPICS

**Topic 4**: All complaints by any individual disputing signing an arbitration agreement that AptDeco claims was signed.

**Topic 8**: All communications with any individual concerning any claim by a delivery team member, or potential delivery team member, disputing a claim by AptDeco that an arbitration agreement was signed.

**Dispute:** Whether other delivery team members have disputed signing arbitration agreements is highly relevant and essential discovery. During my meet and confer with defense counsel, I asked whether it would be relevant for a jury to know that other delivery team members have claimed Bynum forged their signatures. Defense counsel said that is plainly irrelevant. Defense counsel's refusal to acknowledge this shows the extremeness of Defendants' steadfast refusal to provide discovery. Moreover, this is a case where Bynum claims all delivery team members were required to sign, and that when people did not sign using DocuSign, he had them come over to his computer. As an initial matter, Bynum contradicts himself, by first stating people sign by hand or electronically, and then claiming delivery team members also sign using Markup.

**Topic 10.** Levonte Bynum's compensation, benefits, and job titles and responsibilities, each year employed.

**Dispute**: Defense counsel argues that Bynum's compensation is irrelevant. Again, defense counsel takes an extreme position on behalf of Defendants. Bynum's credibility, and King's, are what this whole trial is about. During our meet and confer, I asked defense counsel

whether it would be relevant for the jury to know that Bynum's compensation structure changed significantly around any of the key events in this case, for example, at the time he had King sign, or the time he provided an affidavit claiming King signed. Defense counsel said that would be irrelevant. Defense counsel agrees that it would be appropriate to ask about payments from the Company to Bynum at deposition, but that questions about his compensation as an employee are off limits. That makes no sense. Discovery is intended to provide broad disclosure of potentially relevant evidence. Questions about Bynum's compensation go directly to his credibility. Indeed, if there are no questionable changes in his compensation, this would be highly relevant for the jury to know as it would make him seem more credible.

## **REQUESTS FOR PRODUCTION**

**RFPs 3 and 4**

    **RFP 3**: All documents signed by King.

    **Response**: Defendants are not presently aware of any documents signed by Plaintiff King other than the agreement previously submitted to the Court.

    **RFP 4**: All documents presented to King for Signature.

    **Response**: Defendants are not presently aware of any documents presented to Plaintiff King for signature other than any e-mail and agreement previously submitted to the Court.

    **Dispute over RFPs 3 and 4:** Plaintiff has asked defendants to provide all electronic copies in their native format with all metadata for the agreement Defendants claim was presented to King for signature, and the agreement Defendants claim King signed. From the record in this case, it is clear there are at least three electronic versions out there: 1) a version that was sent to King via email; 2) a version on Bynum's hard drive that Bynum claims he presented to King on his computer; and 3) a version on the company's server that Bynum claims he uploaded after King signed. Defendants have responded, including during my meet and confer with defense counsel, that they are looking for these versions but have not committed to producing all versions, in all formats, with all metadata.

**RFPs 6, 7, and 8**

    **RFP 6:** All communications between King and Defendants.

    **Response**: Defendants object to this request upon the ground that it is overbroad. See also General Objection Nos. 1, 3. Subject to that objection, Defendants are not presently aware of any written communications between Plaintiff King and Defendants relating to the signing of Plaintiff King's agreement other than any e-mail and agreement previously submitted to the Court.

    **RFP 7:** All communications between King and Levonte Bynum, Operations Manager for defendant AptDeco, Inc.

**Response**: Defendants object to this request upon the ground that it is overbroad. See also General Objection Nos. 1, 3. Subject to that objection, Defendants are not presently aware of any written communications between Plaintiff King and Levonte Bynum relating to the signing of Plaintiff King's agreement other than any e-mail and agreement previously submitted to the Court.

**RFP 8:** All communications between Defendants and Levonte Bynum concerning King.

**Response:** Defendants object to this request upon the ground that it is overbroad. See also General Objection Nos. 1, 3. Subject to that objection, Defendants are not presently aware of any written communications between Defendants and Levonte Bynum relating to the signing of Plaintiff King's agreement other than any e-mail and agreement previously submitted to the Court.

**Dispute over RFPs 6, 7 and 8**: During our meet and confer, Defendants through counsel said there are too many documents to search. I asked them to identify which custodians would have to search and which mediums would have to be searched. Defendants reiterated there were too many to search. I asked defendants how many. Defendants said they did not have the number available during our phone call. I asked whether defendants in the course of preparing their responses quantified how many communications there were. Defendants responded "next question." Plaintiff submits that RFPs 6, 7, and 8 are not overbroad. Emails and text messages need to be searched for communications concerning King. Absent some explanation of what that search would involve, Defendants' objection that it is overburdensome is baseless.

## RFPs 9 and 10

**RFP 9:** All communications between Defendants and Levonte Bynum concerning a delivery team member or applicant for such position, signing any contract or document containing an arbitration agreement.

**Response:** Defendants object to this request upon the ground that it is overbroad. See also General Objection Nos. 1, 3. Subject to that objection, Defendants are not presently aware of any written communications between Defendants and Levonte Bynum relating to the signing of Plaintiff King's agreement other than any e-mail and agreement previously submitted to the Court.

**RFP 10:** All documents concerning Levonte Bynum's discovery that King and others had begun doing deliveries for AptDeco but had not signed an agreement with the company.

**Response:** Defendants object to this request upon the ground that it is overbroad. See also General Objection Nos. 1, 3. Subject to that objection, Defendants are not presently aware of any documents concerning Levonte Bynum's discovery that Plaintiff King had begun doing deliveries for AptDeco but had not signed an agreement with the company.

**Dispute over RFP 9 and 10: Defendants have not produced a single communication in response to these requests.** During our meet and confer, defense counsel could not explain what searches have been conducted or what searches would need to be conducted. Instead, defense counsel referred Plaintiff to their general objections and reiterated they would not search for and

produce any communications unless the requests were narrowed. I reiterated to defense counsel, that defendants must disclose where relevant communications are kept, who the custodians are, and what searches have been done and would need to be done. And that absent such a disclosure, the objections are baseless. Indeed, basic searches through emails and text messages would likely produce a small universe of potentially responsive communications, and minimal effort would be necessary to do a further search to produce relevant communications.

## INTERROGATORIES

**Interrogatory 4:** Identify all persons who have denied signing an arbitration agreement with AptDeco.

**Response:** See General Objection Nos. 1, Defendants object to Plaintiff's First Interrogatories to the extent that they call for the production of information or documents that are not material and necessary in the prosecution or defense of this action, and thus are irrelevant; and General Objection No. 3. Defendants object to Plaintiff's First Interrogatories to the extent that they exceed the permissible scope of discovery under the Federal Rules of Civil Procedure and/or the scope of limited discovery permitted by the Court at this stage of the case.

**Dispute:** The dispute here is the same as the dispute as to 30(b)(6) Topics 4 and 8 which is addressed above at page 2 of this letter. Plaintiff respectfully refers the Court to that discussion.

In light of these unresolved disputes, Plaintiff is requesting a pre-motion conference as a prelude to filing a motion to compel discovery in this case.

Thank you, in advance, for your time and attention to this matter.

Respectfully Submitted,<br>
/s <u>*Mohammed Gangat*</u><br>
Mohammed Gangat, Esq.