# Law Office of Mohammed Gangat
*Representing Workers in Employment Litigation*

675 Third Avenue, Suite 1810<br>
New York, NY 10017<br>
Direct Dial: (718) 669-0714<br>
Office: (646) 556-6112<br>
mgangat@gangatpllc.com<br>
Fax: (646) 496-9195

**March 16, 2023**

<u>Via ECF</u>

Honorable District Judge John G. Koeltl
U.S District Court, Southern District
500 Pearl Street,
New York, NY 10007

  **<u>Re</u>**:  <u>Ashton King and Teashawn Smith v. Aptdeco, Inc., Reham Fagiri and Kalam Dennis; Case No. 1:20-cv-09865-JGK</u>

To the Hon. Judge Koeltl:

  I represent plaintiffs Ashton King and Teashawn Smith ("Plaintiffs") in this action. This is a request for settlement approval as per the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Defendants Aptdeco, Inc., Reham Fagiri and Kalam Dennis ("Defendants") consent to this request.

  This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs bring the following causes of action: (1) unpaid minimum wage and unpaid overtime under the FLSA; (2) unpaid minimum wage, unpaid overtime, and unpaid spread-of-hours pay under the NYLL; and (3) failure to provide wage notice and wage statements under the NYLL.

  In advance of the trial anticipated to be held in accordance with the Memorandum and Opinion of September 22, 2022 at ECF #56; and Your Honor's Order of November 21, 2022 at ECF #67, the parties exchanged discovery and engaged in settlement negotiations in an attempt to globally resolve all issues and avoid further protracted litigation.

  In preparation for the trial and the negotiations, Plaintiffs calculated available damages for each claim and provided an assessment of the same to defense counsel in the course of settlement negotiations. Plaintiffs calculated each plaintiff had similar unpaid wage damages of approximately $15,000 each. Plaintiffs calculated approximately $10,000 as a statutory penalty for failure to provide proper wage notices and statements.

  Under the agreement, Defendants will pay a total of $45,000.00, to be split as follows: $15,000.00 to Ashton King; $15,000.00 to Teashawn Smith; and $15,000.00 to Mohammed

Hon Judge John G. Koeltl
Page 2 of 2
March 16, 2023

Gangat representing attorney's fees and expenses.  A copy of the agreement is attached hereto as Exhibit A.

The amount of the attorneys' fee is reasonable because it is one-third of plaintiffs' net recovery, in addition to reimbursement of costs, and that is what is customarily agreed to between plaintiff and their counsel in FLSA cases, and what is routinely approved by this Court in similar circumstances.

Keeping in line with the trend in the Circuit following *Cheeks*, the Agreement contains a limited release, which applies only to "Claims" defined as:

> all claims or potential claims, allegations, complaints, proceedings, charges, actions, causes of action, demands, debts, covenants, contracts, liabilities or damages of any nature whatsoever, whether or not now known, claimed or suspected by Plaintiff, to whomever made, which were alleged in this Action or that arise under the Fair Labor Standards Act, the New York State Labor Law, and any other federal, state or local legislation concerning employee wages, pay, or retaliation).

There is no confidentiality provision; and no non-disparagement provision.

Plaintiffs submit that the settlement is completely fair, reasonable, and adequate to each of the Plaintiffs in light of the potential risks inherent with the litigation, and the time and expense in further litigation whether in court or in arbitration. Thus, we respectfully request that the Court approve the Agreement and permit the parties to submit a Notice of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

Law Office of Mohammed Gangat

_____
Mohammed Gangat, Esq.